**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) | Case No. 12-40804-MSH |
|  | ) |  |
| EVER A. FELICIANO AND | ) |  |
| MYRNA I. CARABALLO | ) |  |
|  | ) |  |
|  | ) |  |
| Debtors | ) |  |

**MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTIONS**
**TO DEBTORS' CLAIM OF EXEMPTIONS**

Before me is the objection by the chapter 7 trustee, David W. Ostrander, to the exemptions claimed by the debtors, Ever Feliciano and Myrna Caraballo, in real property and a motor vehicle.

The facts of this case are undisputed. The debtors, husband and wife, filed a voluntary joint petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") on March 2, 2012. Schedule A (real property) accompanying their petition lists an ownership interest in real estate described as "Unfinished Construction – Lot 74 Susua Alta Comm., Yauco, Puerto Rico" with a value of $46,500. The debtors resided at this property from the mid-1980s until 1995, when they moved with their children to the United States. No one has lived at the Yauco property for at least the past ten years and the debtors have engaged in ongoing efforts to sell it. The property has deteriorated since 1995 and needs considerable work to make it habitable. The Yauco property is the only real property reflected in the debtors' schedules. The debtors currently reside with their daughter and son-in-law at 56 Gibbon Street in Marlborough, Massachusetts which is

1

Case 12-40804    Doc 43    Filed 02/20/13    Entered 02/20/13 16:34:12    Desc Main
              Document      Page 2 of 8


their address of residence set forth on their chapter 7 petition.

The debtors' original schedule C (property claimed as exempt) claimed among other things the Yauco property as exempt under MASS GEN. LAWS ch. 188, § 1 and a 1994 Toyota as exempt under MASS GEN. LAWS ch. 235 §34(16). The trustee filed an objection to the debtors' claimed exemption in the Yauco property only, on the basis that the Massachusetts homestead exemption is not applicable to out of state property.[1] The debtors filed a motion to amend schedule C to switch from state to federal exemptions. On their amended schedule C, the debtors claimed the Yauco property as exempt under Bankruptcy Code § 522(d)(1) and the Toyota as exempt under Bankruptcy Code§ 522(d)(2). The trustee objected to the motion to amend schedule C and in the alternative objected to the debtors' claimed exemptions in both the real estate and the motor vehicle. I granted the debtors' motion to amend and will now rule on the trustee's objections.

Under Bankruptcy Code § 522(b), debtors may elect either the federal bankruptcy exemptions set forth in § 522(d) or the exemptions available under state, federal non-bankruptcy or local law, provided that spouses filing jointly must make the same election.[2] *In re Gentile*, 483 B.R. 50, 51 (Bankr. D. Mass. 2012). Unless a party in interest objects, a claimed exemption is

---

[1] This is not a settled issue in Massachusetts. When applying state law that is silent with regard to its extraterritorial effect, courts outside of Massachusetts have reached different conclusions in determining whether a debtor may exempt out of state property. *See In re Dubravsky,* 374 B.R. 467 (Bankr. D.N.H. 2007) (holding that real estate need not be located in New Hampshire to be claimed as exempt under the New Hampshire homestead statute) and *In re Arrol*, 170 F.3d 934 (9th Cir. 1999) (allowing a California debtor to exempt property located in Michigan under California's homestead statute). *But see In re Capps*, 438 B.R. 668, 671 (Bankr. D. Idaho 2010) (ruling that an Idaho debtor could not exempt real property located in Colorado under Idaho law).

[2] "Bankruptcy Code §522(b)(2) permits a state to 'opt out' of the federal exemption scheme, thereby requiring their residents to exempt property of the estate under state, federal non-bankruptcy or local law only. Massachusetts is not an opt-out state." *Gentile*, 483 B.R. at 51 n.2.

presumed valid. If an objection is filed, the objecting party has the burden of establishing that the claimed exemption is invalid. Fed. R. Bank. Pro. 4003(c) and Bankruptcy Code § 522(l); *see also In re Gordon*, 11-44524, 2012 WL 3733553 (Bankr. D. Mass. Aug. 28, 2012). "As a policy matter, exemption rights are to be construed liberally in the debtor's favor in view of Congress's goal of providing a meaningful fresh start for debtors." *In re Griffith*, 449 B.R. 909, 911 (Bankr. W.D. Wis. 2011).

The trustee makes three arguments in support of his position that the debtors cannot exempt the Yauco property under Bankruptcy Code § 522(d)(1). The trustee asserts that Bankruptcy Code § 522(d)(1) is unavailable because the debtors did not reside at the property on the petition date (or indeed since 1995), they have no immediate plans to return to the property, and the structure located on the property is uninhabitable.

The debtors counter with two arguments. They state first that their intention throughout the bankruptcy has been to return to the Yauco property and that it has continued to serve as their domicile from the time they left Puerto Rico. Second, they maintain that on the petition date, the Yauco property was their only residence and they were merely guests of their daughter at the Marlborough property. Although not articulated clearly, the debtors appear to be arguing that their earlier occupancy of the Yauco property coupled with their ongoing intention to return there should equate with use for the purposes of satisfying the federal exemption statute.

Bankruptcy Code § 522(d)(1) provides that "[t]he debtor's aggregate interest, not to exceed $21,625 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence" is exempt from a debtor's bankruptcy estate. The debtors' ability to exempt the Yauco property under Bankruptcy Code § 522(d)(1) hinges on the interpretation of the phrase

3

"real property or personal property that the debtor or a dependent of the debtor uses as a residence."

As a general principle, the language of a statute should be construed according to its plain meaning unless doing so would lead to an absurd result. *Lamie v. U.S. Tr.*, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030, 157 L.Ed. 2d 1024 (2004) *quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) ("It is well established that 'when the statute's language is plain, the sole function of the courts-- at least where the disposition required by the text is not absurd-- is to enforce it according to its terms.'")

Although "residence" is not defined by the Bankruptcy Code, the term is not ambiguous.[3] *In re Lawrence*, 469 B.R. 140, 142 (Bankr. D. Mass. 2012). *Black's Law Dictionary* defines residence as "the place where one actually lives," and elaborates that a person thus may have "more than one residence at a time." BLACK'S LAW DICTIONARY 1423 (9th ed. 2009). Although a debtor may have more than one residence that could qualify for exemption under Bankruptcy Code § 522(d)(1), such a residence must be a place where the debtor "actually lives," at least part of the time. *Id.*

The facts of this case call attention to the present-tense verb "uses" in the analysis of the language of Bankruptcy Code § 522(d)(1). "The Code speaks in the present tense which indicates that usage must transcend the petition date or at least exist as of the petition date. Thus where a debtor had never used a residence prior to filing, bankruptcy courts have held that the residence may not be exempted under § 522(d)." *In re Lawrence*, 469 B.R. at 142 *citing In re Gandy*, 327

---

[3] "If the word 'residence' in § 522(d)(1) is unambiguous, the Court must give that word its plain meaning, unless doing so would lead to an absurd result or would be demonstrably contrary to Congressional intent." *In re Demeter*, 478 B.R. 281, 286 (Bankr. E.D. Mich. 2012) *citing Lamie v. United States Trustee,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

4

B.R. 807 (Bankr. S.D. Tex. 2005) and *In re Cole*, 185 B.R. 95 (Bankr. D. Me. 1995). The parties agree that for a time prior to 1995, the Yauco property served as the debtors' residence, but it is undisputed that no one has lived there for at least a decade. The debtors emphasize that they have continued to pay taxes on the Yauco property and that their ownership of the property may allow Puerto Rico's General Court of Justice to assert personal jurisdiction over them. The fact that the debtors own the Yauco property and that such ownership may subject them to certain legal rights and responsibilities is not in dispute, but Bankruptcy Code § 522(d)(1) requires a use of real property not just mere ownership or maintenance in order to claim it as exempt.

The debtors suggest that their intention to return to the Yauco property is the added ingredient that brings the property within the scope of Bankruptcy Code § 522(d)(1). Unlike the Massachusetts homestead exemption statute, the federal statute contains no mention of intent, thereby creating a fairly high hurdle for the debtors to overcome in order to prevail on their argument that their intention to return satisfies the federal statute. "[U]nder the plain language of the statute, the phrase 'uses as a residence' indicates a present use or occupancy as opposed to a future intent to occupy." *In re Gandy*, 327 B.R. 807, 809 (Bankr. S.D. Tex. 2005).

Under certain circumstances, constructive occupancy, defined as "physical absence… coupled with an intent to return," may be sufficient to meet the terms of Bankruptcy Code § 522(d)(1). *Lusiak*, 247 B.R. at 703. For a residence to qualify for exemption under Bankruptcy Code § 522(d)(1) based on the debtor's intent to use it, at a minimum "[t]here must be 'some positive indication of an intent to occupy the premises; an undefined floating intention is inadequate.'" *Lozada Rivera*, 470 B.R. at 117 *quoting* Alan N. Resnick & Henry J. Sommer, 4 *Collier on Bankruptcy* ¶ 522.09[1] (16th ed. 2011). In cases where the debtor has been absent from

5

a property that he attempts to claim as a homestead, "bare allegations by the debtor of an intent to return to his property are insufficient. Instead, for a debtor to establish the requisite intent to return to his property, the debtor's own testimony must be coupled with external circumstances which would demonstrate that it would be realistic to expect that the debtor will actually return to the property." *Id.*

At the meeting of creditors pursuant to Bankruptcy Code § 341, the trustee asked the debtors whether they intended to return to Puerto Rico. Ms. Caraballo responded that because she and her husband had not been able to find employment, "[they] probably want to go back to [their] house." The debtors acknowledged, however, that they had not made any arrangements to return. Additionally, the debtors have put the property on the market periodically during their absence. Ms. Caraballo stated that a "for sale" sign was presently posted on the property. The length of time the debtors have been away from Puerto Rico, the affirmative steps they have taken to attempt to sell the property, and the lack of any "external circumstances" demonstrating an intent to return casts doubt on the debtors' assertion that they are mere guests in Massachusetts planning to move back to the Yauco property.

Furthermore, the debtors described the structure on the Yauco property as "unfinished" and "deteriorated" and Ms. Caraballo testified that "nobody can live there," which raises questions about the habitability of the residence for purposes of claiming it as exempt under Bankruptcy Code § 522(d)(1). If a residence is uninhabitable it cannot be "used" for purposes of qualifying for the federal exemption. *In re Holland*, 474 B.R. 826, 828 (Bankr. E.D. Mich. 2012) (Sustaining trustee's objection to debtors' claimed exemption under Bankruptcy Code § 522(d)(1) of real property without plumbing or windows.)

6

I find that the debtors' lack of any concrete plans to reestablish themselves in Puerto Rico, their absence for 17 years, the fact that the property is unfinished and deteriorated and that it is or has been for sale all evidence (i) a lack of any intent by the debtors to return and (ii) a lack of use by the debtors of the property. As a result the Yauco property is not available to the debtors for exemption under Bankruptcy Code § 522(d)(1).

The debtors are, however, eligible to claim the so-called "wild card" exemption set forth in Bankruptcy Code § 522(d)(5) which allows debtors to exempt $1,150 in any property plus any unused portion of the amount allowed by Bankruptcy Code § 522(d)(1) up to a maximum of $10,825 for a total potential "wild card" exemption of $11,975. Joint debtors may combine or "stack" their exemptions pursuant to Bankruptcy Code § 522(m) resulting in a possible total exemption of $23,950.

As for the trustee's objection to the exemption claimed by the debtors in the 1994 Toyota, the debtors' amended schedule C lists $4,251 as the claimed value of the exemption in the vehicle. The maximum amount available for exemption under Bankruptcy Code § 522(d)(2) in a motor vehicle is $3,450 per debtor. Although Mr. Feliciano and Ms. Caraballo are joint debtors, schedule B (personal property) to their bankruptcy petition lists the vehicle as owned by Mr. Feliciano, which prevents Ms. Caraballo from claiming any exemption in it. *In re Ellis*, 446 B.R. 22, 25 (Bankr. D. Mass. 2011) ("[One debtor spouse] admittedly had no interest in the Property and therefore cannot exempt one.") The trustee is, therefore, correct that the maximum amount available to the debtors for exemption in the vehicle is $3,450.

For the reasons set forth above, the trustee's objections to the debtors' claimed exemptions in the Yauco property and the 1994 Toyota are SUSTAINED. The debtors are given leave within

7

30 days of the date hereof to amend their schedule C consistent with the rulings herein.

      So ordered.

Dated: February 20, 2013                                          By the Court,

                                                                           Melvin S. Hoffman
                                                                          U.S. Bankruptcy Judge

Counsel Appearing:

Wendy Estrella, Lawrence, MA
      for the debtors

Elizabeth Katz, Ostrander Law Office, Northampton, MA
      for the Chapter 7 Trustee